IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Hattie Williams, ) | |
| ) | C.A. No. 0:10-cv-00004-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff, Hattie Williams ("Williams") filed the complaint in this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to Title 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of the Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report and affirms the decision of the Commissioner.

In her application, Williams sought disability insurance benefits for diabetes, nerves, thyroid problems, poor memory and other health issues. Her application was denied initially and upon reconsideration. Following a hearing on her application, the Administrative Law Judge ("ALJ") determined that Williams was not disabled within the meaning of the Social Security Act, as

amended, and denied her claim for benefits. Thereafter, the Appeals Council denied Williams's request for review. Therefore, the ALJ's decision is the final decision of the Commissioner from which Williams appeals to this court.

The Magistrate Judge's Report [Doc. 12], filed on February 2, 2011, recommends that the decision of the Commissioner be affirmed. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation. For the reasons set forth below, the court adopts the Magistrate Judge's Report and affirms the decision of the Commissioner.

## STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings

for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58. The Commission's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F. 2d at 514, 517 (4th Cir. 1987).

### DISCUSSION

Williams filed objections to the Magistrate Judge's Report [Doc. 14] alleging that she erred in determining that  1) substantial evidence supports the ALJ's decision to reject the opinion of  Dr. Cannon, the treating physician; 2)  Williams's depression and anxiety are non-severe impairments; 3) the ALJ properly used the Medical-Vocational Guidelines; and 4)  the ALJ properly considered the effect of Williams's obesity in determining her residual functional capacity.

**Treating Physician's Opinion.**  Williams objects to the Magistrate Judge giving more consideration to the opinion of Dr. Ralph N. Riley instead of  Dr. David G. Cannon, her treating physician. Williams contends that Dr. Cannon evaluated her on several occasions, yet Dr. Riley saw her for a one time consultative evaluation.  Additionally, Dr. Riley did not have the benefit of any

of Williams's medical records from her disability onset date of June 17, 2005[1] nor during the time she alleged disability.

In reviewing the Magistrate Judge's Report, the court notes that the Magistrate Judge refers to several references in Dr. Cannon's records regarding Williams's mental condition in June 2005, the month of the onset of her alleged disability. However, the Magistrate Judge notes that Williams's mental condition appeared to be reasonably controlled beginning in September 2006 and she did not return to Dr. Cannon until July 2007 through December 2007. Additionally, the ALJ's decision notes that Williams went for long periods between seeking treatment for her depressive symptoms and that Dr. Cannon's opinion is not consistent with the preponderance of the evidence regarding Williams's mental impairments. The court finds that the ALJ adequately explained his rationale for not according significant weight to Dr. Cannon's opinion and also thoroughly explained his analysis of the records of other medical providers and evaluators.

Even with Williams's additional visits and reported complaints, she did not establish that her alleged disability could be expected to continue to be severe for twelve (12) continuous months. *See* 20 C.F.R. §§ 404.1522(b); 404.1505; 404.1509. While Williams takes issue with this finding in the Magistrate Judge's Report, this is the standard by which disability is defined under the Social Security Act and was noted as the primary issue in the case in the ALJ's decision. Furthermore, the Magistrate Judge's opinion adequately establishes that the factual findings of the ALJ are based upon substantial evidence, which includes a review of Williams's medical records from other physicians who opined that she did not have a permanent impairment or disability.

**Severity of Williams's depression and anxiety.** Williams complains that the ALJ rejected

---

[1]The ALJ's decision indicates that, at the hearing, Williams amended her alleged onset date of disability to June 17, 2005.

the medical opinion of her treating physician, Dr. Cannon, and Dr. Rob Ronin, a state agency medical consultant, and instead relied upon the opinion of Williams's one time consultative visit with Dr. Riley. By doing so, Williams claims that the Magistrate Judge erred in affirming the ALJ's conclusion that Williams's depression and anxiety were not severe impairments. The court also notes that the ALJ relied on more recent medical records of Williams received at the time of the hearing, determined that the state agency's psychologist's opinion of October 6, 2005 was not supported by the updated medical records, and did not find that Williams had any additional limitations regarding her impairments for depression and anxiety. For the reasons indicated here and above, the court concludes that the Magistrate Judge ruled correctly on this issue.

**The Mechanical-Vocational Guidelines ("the Grids").** Williams objects to the Magistrate Judge affirming the ALJ's use of the grids due to Williams's alleged significant non-exertional impairments. Williams again objects to the Magistrate Judge's conclusion that the ALJ appropriately gave less consideration to the opinions of Dr. Cannon and Dr. Ronin. For the reasons stated above, the court disagrees with Williams's assessment of the Magistrate Judge's order. The ALJ concluded that, considering Williams's age, education, and work experience, she was not disabled under the Grids. Additionally, the Magistrate Judge determined that the ALJ did not find that Williams had any limitations from her impairments of depression and anxiety and she has failed to demonstrate that this decision was not supported by substantial evidence or controlled by an error of law. The court accepts these conclusions.

**Obesity.** Williams objects to the Magistrate Judge's conclusion that the ALJ would have made the same findings had he considered her obesity. While the Magistrate Judge notes that the ALJ did not expressly examine the impact of Williams's obesity on each of her other impairments or in formulating her RFC, the Magistrate Judge correctly concludes that Williams's obesity is

expressly articulated throughout the medical reports and the ALJ found her obesity to be a severe impairment.  Thus, the court finds that Williams's obesity has been given fair consideration in the determination of her disability.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 12].   Therefore, the Commissioner's decision is **AFFIRMED.**

 **IT IS SO ORDERED.**

s/J. Michelle Childs
_____
United States District Judge

Greenville, South Carolina
March 31, 2011