# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Hattie Williams, | Civil Action No. 0:10-00004-JMC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Hattie Williams ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C., the matter was referred for pretrial handling to United States Magistrate Judge Paige J. Gossett. On February 2, 2011, the Magistrate Judge issued a Report and Recommendation (the "Report") in which she recommended affirming the decision of the Commissioner because Plaintiff failed to show that "the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard." (ECF No. 12, p. 21.) Plaintiff filed objections to the Magistrate's Report on February 22, 2011. (ECF No. 14.) On March 31, 2011, after careful review of the record, the court entered an order (the "March order") adopting the Magistrate Judge's Report and affirming the Commissioner's decision. (ECF No. 20.) The matter is before the court pursuant to Plaintiff's motion to alter and amend the March order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59 motion").[1] (ECF No.

---

[1] The Commissioner filed opposition to Plaintiff's motion to amend on May 16, 2011, to which Plaintiff filed a reply in support of amending the March order on May 26, 2011. (ECF Nos. 25, 26.)

1

23.) For the reasons set forth below, the court **GRANTS** Plaintiff's motion to amend.

## I. LEGAL STANDARD AND ANALYSIS[2]

### A. Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59(e)

Under Fed. R. Civ. P. 59(e), a court may "alter or amend a judgment" if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

---

[2] The relevant factual and procedural background of the matter was thoroughly discussed in the Magistrate Judge's Report and the court's March order, which documents are incorporated by reference. (See ECF Nos. 12 & 20.)

**B.  Plaintiff Moves to Correct Clear Errors of Law**

Plaintiff contends that the court committed clear error of law by agreeing with the Commissioner's determination that Plaintiff was required to show further limitations in order to avoid application of the Medical-Vocational Guidelines[3] (the "grids") to her claim for disability benefits.  (ECF No. 23, p. 1.)  In this regard, Plaintiff asserts that there is no dispute that she possessed a borderline IQ.  (Id. at pp. 2-3.)  Plaintiff further asserts that the Court of Appeals for the Fourth Circuit has held that the grids cannot apply if there are nonexertional limitations and borderline intellectual functioning has been found to be a nonexertional impairment.  (Id. at p. 3 (citing Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983)).)  As a result, Plaintiff argues that since she possesses a nonexertional impairment of borderline intelligence, it was clear error for the court to affirm the Commissioner's decision to use the grids to find that Plaintiff could do other work and was not disabled.  (ECF No. 23, p. 2.)

Plaintiff further contends that the court committed clear error of law by agreeing with the Commissioner's decision to not explicitly analyze the combined effect of Plaintiff's severe impairment of obesity in combination with Plaintiff's other impairments.  (Id. at p. 5.)  Plaintiff asserts that the law clearly required the Commissioner to expressly articulate the effect of the combination of obesity and Plaintiff's other impairments once obesity is found to be severe.  (Id. at pp. 5-7 (citing Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 501-02 (3d Cir. 2009); Villano v.

---

[3] The Commissioner promulgated the Medical-Vocational Guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "grids").  Heckler v. Campbell, 461 U.S. 458, 461 (1983).  The grids consist of three "Tables," each representing a different residual functional capacity, including sedentary (Table 1), light (Table 2), and medium work (Table 3).  Id.  Each table then accounts for other vocational factors, including age, education, and previous work experience.  For each combination of factors, the Grids provide whether the claimant is "Disabled" or "Not disabled."  Id.

Astrue, 556 F.3d 558, 563 (7th Cir. 2009); Hamby v. Astrue, 260 Fed. Appx. 108, 112 (10th Cir. 2008); Kennedy v. Astrue, 247 Fed. Appx. 761, 768 (6th Cir. 2007); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2002); Scott v. Heckler, 770 F.2d 482, 487 (5th Cir. 1985)).) Plaintiff further asserts that the Fourth Circuit, although it has not specifically addressed obesity, required the Commissioner to consider the combined effect of all of the Plaintiff's established conditions. (Id. at pp. 8-9 (citing Walker v. Bowen, 876 F.2d 1097, 1099-1100 (4th Cir. 1989)).) Therefore, Plaintiff argues it was clear error for the court to affirm the Commissioner's decision to not consider Plaintiff's obesity in combination with her other impairments.

Plaintiff asserts that there are clear errors of law in the March order. (Id. at p. 12.) Based on the foregoing errors of law, Plaintiff urges the court to remand Plaintiff's case to the Commissioner for further consideration. (Id.)

**C.      The Commissioner's Response to Plaintiff's Motion to Amend**

In response to Plaintiff's motion to amend, the Commissioner contends that use of the grids was appropriate because "[t]he ALJ did not find borderline intellectual functioning to be one of Plaintiff's severe impairments." (ECF No. 25, p. 2.) The Commissioner further contends that Plaintiff failed to meet her burden of showing harm for the failure to consider her combination of obesity and other impairments. (Id. at p. 4.) Therefore, the Commissioner asserts that the court should deny Plaintiff's motion to amend.

**D.      The Court's Review of Plaintiff's Motion to Amend**

In her motion, Plaintiff argues without opposition from the Commissioner that the law of this circuit required the Commissioner to consider the combined effect of all of the Plaintiff's

established conditions. (ECF No. 23, pp. 8-12.) In the March order, the court agreed with the Magistrate Judge's finding that the ALJ failed to expressly examine "the impact of [Plaintiff] Williams's obesity on each of her other impairments or in formulating her RFC." (ECF No. 20, p. 5 (citing ECF No. 12, p. 19).) However, the court erred when it failed to remand the matter to the Commissioner for the purpose of further consideration of all of Plaintiff's severe (obesity) and non-severe (borderline IQ) impairments in combination. In this regard, the court finds that Plaintiff's arguments warrant granting the relief requested in her motion. Accordingly, Plaintiff's motion to amend is granted.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this decision. (ECF No. 23.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

April 9, 2012
Greenville, South Carolina

5