**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Hattie Williams, | ) | |
| | ) | Civil Action. No. 0:10-cv-00004-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon motion of Plaintiff Hattie Williams ("Plaintiff") through her attorney, Paul Townsend McChesney ("Counsel"), for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and the Social Security Act, 42 U.S.C. § 406(b). The Commissioner ("Defendant") does not object to an award of attorney's fees under EAJA or to the hourly rate of $180.00 per hour. However, Defendant asserts that the requested fees of $10,165.50 are excessive and requests that the court award no more than $4,698.00 in fees.

**BACKGROUND**

Plaintiff sought disability insurance benefits for diabetes, nerves, thyroid problems, poor memory and other health issues. Her application was denied initially, denied upon reconsideration, and denied again following a hearing before the Administrative Law Judge ("ALJ"). Following the Appeals Council's denial of Plaintiff's request for review, Plaintiff appealed to this court. A United States Magistrate Judge reviewed the record and issued a Report and Recommendation on February 2, 2011 [Dkt. No. 12], which recommended that this court affirm the Commissioner's decision. By Order dated March 31, 2011 [Dkt. No. 20], this

court accepted the Magistrate Judge's Report.   Thereafter, Plaintiff filed a Motion to Amend the Judgment [Dkt. No. 23], pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.   By Order dated April 9, 2012 [Dkt. No. 27], this court granted Plaintiff's motion finding that the court erred in failing to remand the matter to the Commissioner for the purpose of further consideration of all of Plaintiff's severe and non-severe impairments in combination.

Because Plaintiff was ultimately the prevailing party in this action, Counsel is entitled to attorney's fees under the EAJA.   In his Motion for Attorney's Fees [Dkt. No. 29], filed July 6, 2012, Counsel sought reimbursement for his representation in the amount of $10,165.50. Defendant subsequently filed Objections to Plaintiff's Motion for Attorney's Fees [Dkt. No. 30] on the grounds that the fees were generally excessive and that some of the fees requested were unsupported by the required documentation.

## STANDARD

Under the EAJA, the prevailing party in a civil action against the United States is entitled to attorney's fees, upon timely petition for them, if the government's position was not "substantially justified" and no special circumstances make an award unjust.   28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991).  The fee application must be supported by an itemized statement.  28 U.S.C. § 2412(d)(1)(B). Attorney's fees and expenses under the EAJA must also be reasonable.  *Mitchum v. Astrue*, 586 F. Supp. 2d 424, 425 (D.S.C. 2007) (citing  28 U.S.C. §§ 2412(b)(d)(2)(A)).  It is within the discretion of the district court to determine a reasonable fee award.  *See* 28 U.S.C. § 2412(b);  *May v. Sullivan,* 936 F.2d 176, 177 (4th Cir. 1991).  "Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount."  *Comm'r I.N.S. v. Jean,* 496 U.S. 154, 163 (1990).  "Counsel for the prevailing party should make a good faith effort to exclude from a

fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (considering an award under 42 U.S.C. § 1988).

## ANALYSIS

Counsel submitted claims for 31.10 hours for his time and 23.5 hours of work performed by an additional attorney ("Ms. Locklair") billed at $180.00 per hour and 3.75 hours for paralegal fees billed at $90.00 per hour. Defendant argues Counsel's time spent should be reduced to 27.6 hours; that time claimed for Ms. Locklair should be reduced to zero hours on the grounds that she failed to document her time; and that no more than 1.75 hours should be billed for paralegal time, which should be compensated at the prevailing rate in the District of South Carolina.

In Plaintiff's Response in Support of Her Motion for Attorney's Fees [Dkt. No. 31], Counsel accedes to some of Defendant's requested reductions. First, Defendant objects to the 3.75 hours logged for an unnamed paralegal, arguing that clerical tasks are not compensable under the EAJA. *See Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001). Counsel concedes this point of law and withdraws his claim for the 3.75 hours in paralegal fees. Second, Defendant objects to Counsel's claim of 2.5 hours spent preparing the EAJA petition, arguing that this petition is "virtually identical to other petitions [Counsel] routinely files in other cases," and ask that the court award only .5 hours for this task. Defendant's Objection to Plaintiff's Motion for Attorney's Fees. [Dkt. No. 30 at 4]. Counsel accedes to Defendant's request and now claims only .5 hours for preparing his EAJA petition. The court finds that Defendant's concession is reasonable. After these concessions, Counsel's claimed hours for his time are reduced to 29.10 hours and time claimed for paralegal fees is reduced to zero hours.

On other points, Counsel does not accede to Defendant's request for a reduction.

Defendant objects to Counsel's claims for 1.5 hours spent in conference with Plaintiff, with one hour logged on May 3, 2011, as attorney review and conference with client, and .5 hours logged on June 8, 2011, as attorney conference with client.   Counsel claims that to not confer with his client "during a year of litigation" would be malpractice.   Plaintiff's Response in Support of Motion for Her Attorney's Fees [Dkt. No. 31 at 3].   Among the factors that a court should consider in determining which hours were reasonably expended is whether the tasks would normally be billed to a paying client. *Caldwell ex rel. Y.B.K. v. Astrue*, 518 F. Supp. 2d 777, 779 (D.S.C. 2007) (quoting *Bunn,* 637  F. Supp. 464, 467 (E.D.N.C. 1986)).   Although Defendant does not provide details as to what these conferences involved, the attorney conferences listed here would presumably be billable to a paying client.   The court finds that the claim for 1.5 hours billed for conferences with the attorney is reasonable.

Defendant also objects to Counsel's request for EAJA fees for 23.5 hours of work performed by Ms. Locklair and requests the court award no time for Ms. Locklair's work on the grounds that she failed to provide an itemized accounting of her time.   Recovery under the EAJA is premised on the submission of a fee petition that contains "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).   Defendant cites an Affidavit [Dkt. No. 29-4 and Dkt. No. 32] signed by Ms. Locklair and filed with Plaintiff's Motion for Attorney's Fees and filed again with Plaintiff's Response in Support of Her Motion for Attorney's Fees in which Ms. Locklair claims to have drafted the filings in this case including Plaintiff's Brief, the Objections to the Magistrate Judge's Report and Recommendation, the Reply to Defendant's Response to Objections, the Motion to Reconsider, and the Reply to the Response to the Motion to

Reconsider. However, instead of providing an itemized accounting of the time spent on each task, Ms. Locklair provided an estimate of the time spent on the case, which she calculated to be 23.5 hours. She also apologized to the court for failing to keep accurate records of her time in this case. Ms. Locklair filed a Supplemental Affidavit following Plaintiff's Response in Support of Her Motion for Attorney's Fees in which she provides the necessary itemized accounting statement listing 29.3 hours as the total time spent. There is no explanation as to why Ms. Locklair's previous affidavit stated that she did not keep specific records of time spent on Plaintiff's case when she was later able to supply such records. While the court does not doubt Ms. Locklair's contributions to the case, the discrepancy potentially calls into question the accuracy of the time spent on the case. However, the court denies Defendant's request to award Ms. Locklair no time for her work on the case since she has subsequently provided the required documentation.

Defendant also generally asserts that the time claimed for this case, which totals 58.35 hours, is excessive. Defendant cites *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) in which the district court found that the average Social Security case ranges from thirty (30) to forty (40) hours. Counsel responds by noting that this range was an *average* referenced by the district court, not a holding of what is acceptable or appropriate. Counsel further objects to the notion that there is a cap on the number of hours that may be spent by an attorney on a Social Security claim, and indeed Defendant cites to no authority that would suggest such a cap.

A determination of the reasonableness of the fees is within the discretion of this court. *See* 28 U.S.C. § 2412(b); *May* 936 F.2d at 177. In this case, the bulk of the fees claimed are for drafting, reviewing and editing Plaintiff's various filings. Courts have found fees for editing and

drafting briefs excessive and have reduced such fees where warranted. *See Caldwell,* 518 F. Supp. 2d at 780 (finding 26.8 hours counsel spent in drafting and editing brief in the underlying surviving child benefits claim was excessive, and reducing the billable time to twenty hours); *Moreland v. Astrue*, C.A. 4:08-3902-CMC, 2010 WL 2851119 (D.S.C. July 16, 2010) (reducing by 50% the time claimed for writing the reply brief in which "legal issues addressed . . . [were] not sufficiently complex to justify such a significant time expenditure in comparison to other aspects of the litigation."); *Spruil v. Bowen*, 691 F. Supp. 302, 306-07 (M.D. FL 1988) (reducing a claim for 37.3 hours spent researching and drafting to 25 hours.).    In making such determinations, courts may consider the potential for duplication of services, especially where multiple lawyers are involved. *Caldwell*, 518 F. Supp. at 779 (citing *Bunn* 637 F. Supp. at 467). In addition, the reasonableness of the hours expended on a specific case depends on the complexity of the issues involved. *Id.*

In this case, Ms. Locklair claims a total of 5.2 hours for reading the transcript and 9.3 hours for researching and writing the brief, which was 37 pages in length and dealt with two primary issues. Counsel claims five (5) hours for reviewing and editing Ms. Locklair's brief. Claiming a total of 19.5 hours shared between two attorneys for preparing a lengthy and detailed brief does not strike the court as excessive.

Ms. Locklair claims another 6.8 hours for reading Defendant's 23-page brief, and researching and writing the reply brief. Counsel claims a total of ten (10) hours on reading Defendant's reply brief and reviewing, editing and providing additional drafting on the brief. Here, the total time listed between the attorneys is 16.8 hours. This amount of time strikes the court as excessive since it is nearly as much time as spent reading the transcript and writing the initial brief. Moreover, Plaintiff's reply brief raises issues from its initial brief, primarily arguing

that the ALJ erred in failing to adequately consider certain evidence.  For this reason, the court, in its discretion, reduces the amount of time awarded for editing of the reply brief by 50% for a total of 8.4 hours spent on drafting, editing and review.

Ms. Locklair claims eight (8) hours spent on reviewing the Magistrate Judge's 22-page Report and Recommendation, researching the issues, and writing a 13-page objection.  Counsel claims two (2)  hours of editing.  Neither claim strikes the court as excessive.

Counsel claims 3.5 hours reviewing, editing and adding to Ms. Locklair's draft Motion to Reconsider, though Ms. Locklair's time sheet shows no time spent on the Rule 59(e) Motion to Reconsider.  Counsel similarly claims 4 hours reviewing, editing and adding to Ms. Locklair's Reply to Defendant's Response to the Motion to Reconsider, but Ms. Locklair's time sheet shows no time spent working on that document.  Regardless of who wrote these briefs, the court finds both of these expenditures reasonable.  The 12-page Rule 59(e) motion appears well-researched and  well-argued.   Additionally, this motion was ultimately successful, which gave Plaintiff another opportunity to secure benefits from the Commissioner.  *See Hensley,* 461 U.S. at 434 (the "results obtained" factor in the district court's decision to adjust the fee upward or downward is "particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.").   As a result, the court finds that a claim for 7.5 hours spent drafting the Motion to Reconsider and the Reply to Defendant's Response to the Motion to Reconsider is reasonable.

Accordingly, the court, in its discretion, reduces the amount of hours that Plaintiff can claim  by 14.15 hours (the 5.75 hour reduction conceded by Counsel for paralegal fees and drafting time for the EAJA motion, plus the 8.4 hour reduction as determined at the discretion of the court regarding the draft reply brief.).   Subtracting 14.15 hours from the original total

calculated at 58.35 hours reduces the total hours for which Plaintiff may claim fees to 44.20 hours.[1]  At the claimed rate of $180.00, the total amount Plaintiff may claim is $7,956.00.

Finally, Counsel asks that the EAJA fees awarded be paid directly to him in accordance with the contract he negotiated with Plaintiff.  *See* Fee Agreement [Dkt. No. 29-2].  Defendant objects and requests that the court order any payment be made payable to the order of Plaintiff.

The United States Supreme Court recently addressed a split among the United States Circuit Courts of Appeals on the issue of whether EAJA payments should be made payable to the attorney or the litigant.  *Astrue v. Ratliff* 130 S. Ct. 2521, 2526-27 (2010).  The Court held that the plain text of the EAJA requires that attorney's fees be awarded to the litigant not the litigant's attorney so that such payments could be offset for the satisfaction of any pre-existing debt that the litigant owes the United States.  *Id*.  The United States Court of Appeals for the Fourth Circuit had reached the same conclusion a year prior to *Ratliff*.  *See Stephens v. Astrue,* 565 F.3d 131, 139 (4th Cir. 2009).  Defendant further cites to the Anti-Assignment Act which generally precludes the assignment of claims against the United States.  31 U.S.C. § 3723.  Counsel acknowledges *Ratliff* and the Anti-Assignment Act but directs the court to an apparent trend in some district court decisions in which courts have authorized payments directly to attorneys where the Defendant does not produce evidence of a debt owed to the United States.  *See McDonald v. Astrue*, 2:09-cv-027, 2010 WL 4818092, at *4 (citing six cases from outside of the Fourth Circuit in which courts have authorized payment directly to Plaintiffs' attorneys).  While neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys through a contract, as has been done in this case, courts in this district have expressed a concern that such contracts "constitute an end-run around the plain text of the EAJA as interpreted in both

---

1. A claim for 40 hours has been previously cited as an acceptable average in another circuit. *See Hayes,* 923 F.2d at  420.  The instant claim is not so far beyond that average, and this case includes the additional litigation over the Motion to Reconsider which was ultimately successful.

cases." *Phillips v. Astrue*, CA 1:10-936-TLW, 2011 WL 5041751 (D.S.C. Oct. 21, 2011)*; see also Brinkley v. Astrue*, CA 3:08-3427-GRA, 2010 WL 3192909 (D.S.C. Aug. 11, 2010); *Tate v. Astrue*, CA 3:09-3246-CMC-JRM, 2010 WL 4860356 (D.S.C. Nov. 23, 2010).  Several courts in our district have sought a middle ground in an apparent effort to assure payments to the attorneys while complying with *Ratliff* by ordering that the defendant make the check payable to the plaintiff but ordering that the check be mailed to the attorney, with notice to the plaintiff of the mailing.  *See Way v. Astrue*, CA 1:10-01134-RBH, 2012 WL 2871643 (D.S.C. July 12, 2012); *Salley-Davis ex rel. Davis v. Astrue*, CA 4:10-1411-TMC, 2011 WL 5357898 (D.S.C. Nov. 7, 2011).  In this case, Counsel's fee agreement requires the would-be plaintiff to give Counsel the power to "sign any check over to [Counsel]."  Fee Agreement [Dkt. No. 29-2].  In this situation, because Counsel has the power to sign the check over to himself, a payment made out to Plaintiff but sent to Counsel would effectively be a payment made directly to Counsel. Such a result would be contrary to the Supreme Court's holding in *Ratliff* and the Fourth Circuit's holding in *Stephens*.  As a result, the court denies Counsel's request to have Plaintiff's award be paid directly to Counsel.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the court **ORDERS** Defendant to pay Plaintiff the sum of $7,956.00 in attorney fees. The check should be payable to the order of the Plaintiff and mailed directly to Plaintiff, but notice of the payment and mailing should also be provided to Counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 19, 2012
Greenville, South Carolina